BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00069-MCE-CKD |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $56,212.00 IN U.S. CURRENCY, AND | |
| APPROXIMATELY $12,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 6, 2012, the Drug Enforcement Administration (hereafter "DEA") adopted the Approximately $56,212.00 in U.S. Currency and Approximately $12,000.00 in U.S. Currency (hereafter "defendant currency") for federal forfeiture.  The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about June 20, 2012, the DEA received a claim from Robert Cappiello asserting an ownership interest in the defendant currency.

2. The United States represents that it could show at a forfeiture trial that on March 7, 2012, a state search warrant was executed at the UPS Distribution Center

1

located at 6845 Eastside Road, Anderson, California.  During the search, a drug dog alerted on a package addressed to Rob Cappiello, 3500 Summit Drive, Redding, California, sent by Lisa Cappiello from the UPS Store located at 656 Wellwood Avenue, Lindenhurst, New York.  When opened, it was discovered that this package contained a second box with ZhuZhu Pets brand hamster cage accessories and inside the accessories was the defendant $12,000.00 in U.S. Currency, wrapped and sealed in three zip-lock baggies.

3. The United States could further show at trial that on March 7, 2012, a state search warrant was executed at Robert Cappiello's home located at 3500 Summit Drive, Redding, California.  During the search, a large indoor marijuana cultivation operation was found which included 180 growing marijuana plants, over 115 pounds of processed marijuana, the defendant $56,212.00 in U.S. Currency, packaging materials, heat sealer machines, an electronic money counter, pay/owe sheets, and several firearms.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, Robert Cappiello and Nicholas Cappiello specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Robert Cappiello and Nicholas Cappiello agree that an adequate factual basis exists to support forfeiture of the defendant currency.  Robert Cappiello acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Robert Cappiello shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of this Consent Judgment of Forfeiture, $53,212.00 of the $56,212.00 in U.S. Currency, together with any interest that has accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,000.00 of the $56,212.00 in U.S. Currency and $12,000.00 in U.S. Currency, together with any interest that has accrued on those amounts, shall be returned to potential claimant Robert Cappiello through attorney Zenia K. Gilg.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

Dated: October 29, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE